IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRESTON KELLY | : | CIVIL ACTION |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, ET AL. | : | NO. 09-3969 |

**M E M O R A N D U M**

GOLDBERG, J.                                                    NOVEMBER    , 2009

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights complaint against the Commonwealth of Pennsylvania, Governor Edward Rendell, Attorney General Thomas Corbett, and Philadelphia Assistant Public Defender Richard Johnson. Plaintiff alleges that his criminal trial was held while he was a minor, and that he was not represented by a parent or by "court appointed" legal counsel. At the trial he was "directed to accept a plea agreement." Upon reaching majority, plaintiff accepted the plea agreement, but later asked his "court appointed counsel" to file an appeal, which he failed to do "in a timely fashion."[1] Plaintiff asserts that his Sixth Amendment rights were violated, and he seeks, as relief, a new trial and damages.

With the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. Because it appears that he is unable to pay the cost of commencing this action, leave to

---

1. Plaintiff does not indicate when his legal counsel was appointed by the court.

proceed in forma pauperis will be granted. However, the complaint will be dismissed as legally frivolous for the reasons which follow.

## I. DISCUSSION

### A. Standard of Review

Section 1915(e)(2) of Title 28 of the United States Code provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal - (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### B. The Commonwealth of Pennsylvania

The Eleventh Amendment to the United States Constitution prohibits actions for damages against a state in federal court unless the state has waived its immunity. U.S. Const. amend. XI; Edelman v. Jordan, 415 U.S. 651 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"). There is no grant of immunity applicable to this case. Although § 1983 imposes liability upon "every person" who deprives another of a constitutional right under color of state law, the Supreme Court has held that "neither the State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police,

491 U.S. 58, 71 (1989). Accordingly, plaintiff's claim for damages against the Commonwealth of Pennsylvania is dismissed as legally frivolous.

### C. Governor Edward Rendell

Plaintiff names Governor Edward Rendell as a defendant in this action, however, he fails to allege that Mr. Rendell had any involvement in the criminal case on which this complaint centers. To be liable in a § 1983 civil rights action, a defendant must have participated in or had personal knowledge of and acquiesced in the actions which deprived a plaintiff of his constitutional rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). The mere fact that Mr. Rendell was the governor, and thus in a supervisory position at the time of the alleged constitutional violations, is insufficient to state a colorable constitutional violation as there is no respondeat superior liability in § 1983 cases. Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976). Accordingly, plaintiff's claim against Governor Edward Rendell is dismissed as legally frivolous.

### D. Attorney General Thomas Corbett

Plaintiff names Attorney General Thomas Corbett as a defendant, however, he fails to allege that Mr. Corbett had any involvement in his criminal case. The doctrine of absolute immunity shields prosecutors from liability for actions related to their official duties. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). Prosecutors are absolutely immune from liability for

3

money damages under § 1983 for acts "within the scope of [their] duties in initiating and pursuing a criminal prosecution." Id. at 410. Because nothing in this complaint suggests that Mr. Corbett acted outside the scope of his prosecutorial duties, or that he was even aware of the events giving rise to plaintiff's claims, see Rode v. Dellarciprete, supra, plaintiff's claim against Mr. Corbett is dismissed as legally frivolous.

### E. Assistant Public Defender Richard Johnson

In order to bring suit under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (listing elements of a § 1983 claim). The United States Supreme Court has determined that a defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 318 (1981) (footnote omitted). This conclusion applies regardless of whether the defense attorney is court-appointed or privately retained. Black v. Bayer, 672 F.2d 309, 314 (3d Cir.), cert. denied, 459 U.S. 916 (1982). Because Assistant Public Defender Richard Johnson does not act under color of state law, he may not be sued under § 1983, and plaintiff's claim against him is dismissed as legally frivolous.

### F. Claim for Relief

In addition to monetary relief, plaintiff seeks a new trial. However, this is a form of relief which is not available

4

in a § 1983 civil rights action, and may be requested only by means of a habeas corpus petition after plaintiff has exhausted all of his available state remedies. Preiser v. Rodriguez, 411 U.S. 475 (1973).

## II. CONCLUSION

Section 1915e(2) of Title 28 of the United States Code authorizes the Court to dismiss "at any time" a civil action brought by a prisoner in forma pauperis. Because plaintiff has failed to advance any actionable violation of his constitutional rights, this case will be dismissed as legally frivolous at this time.

An appropriate order follows.